**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR COSTA, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>     vs.<br><br>RELIANCE VITAMIN CO. INC., a New Jersey Corporation,<br><br>     Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*<br>2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*<br>3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et. seq.*<br>4. BREACH OF WARRANTY<br>5. COMMON LAW FRAUD<br>6. INTENTIONAL MISREPRESENTATION<br>7. RESTITUTION/UNJUST ENRICHMENT<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Taylor Costa (**"Plaintiff"**), individually and on behalf of all others similarly situated, as more fully described herein (the **"Class"** and **"Class Members"**), brings this class action complaint against Defendant Reliance Vitamin Co., Inc. (**"Defendant"**), and alleges the following based upon investigation, information, and belief, unless otherwise expressly states as based on personal knowledge.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 3

II. CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL CASES
MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT .............................. 5

III. JURISDICTION AND VENUE ..................................................................................... 6

IV. PARTIES ....................................................................................................................... 7

V. FACTUAL BACKGROUND .......................................................................................... 8

 A. Reasonable Consumers Are Misled by the Challenged Representation ..................... 9

 B. None of the Slack-Fill Statutory Exceptions Apply to the Products.......................... 10

 C. Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill ... 12

 D. Plaintiff and Reasonable Consumers Were Misled by the Challenged Representation into
Buying the Products, to Their Detriment, Consistent with Defendant's Deliberate Slack-fill
Scheme to Exact a Premium for Falsely Represented Products ...................................... 13

VI. CLASS ACTION ALLEGATIONS .............................................................................. 14

COUNT ONE...................................................................................................................... 21

 A. "Unfair Prong" ......................................................................................................... 25

 B. "Fraudulent" Prong .................................................................................................. 26

 C. Unlawful Prong ......................................................................................................... 28

COUNT TWO ..................................................................................................................... 30

COUNT THREE .................................................................................................................. 32

COUNT FOUR .................................................................................................................... 35

COUNT FIVE ...................................................................................................................... 37

COUNT SIX ........................................................................................................................ 38

COUNT SEVEN .................................................................................................................. 39

PRAYER FOR RELIEF ...................................................................................................... 40

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **INTRODUCTION**

1.      **Synopsis**. In an effort to increase profits and to obtain an unfair competitive advantage over its lawfully acting competitors, Defendant deceptively sells its powder supplements in oversized packaging, leading reasonable consumers, including Plaintiff, to believe that they are purchasing more product than they receive (hereinafter, Defendant's oversized packaging and relative to lack of powder is the **"Challenged Representation"**). Below is a true and correct image of the Creamy Vanilla Bean Product evidencing the deception. The opaque container measures to a vertical height of approximately 21.8 cm, while the product inside only measures to a vertical height of approximately 10.8 cm., indicated by the red line:




CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

2.      **The Products**. Defendant's slack-fill scam extends to all flavors, sizes, and varieties of PlantFusion powder supplements sold in opaque containers (the **"Products"**).

3.      **The Products are Substantially Similar.** Products are of the same kind (i.e., powder supplements); contain the same misrepresentations (i.e., oversized, opaque containers with nonfunctional slack-fill); cause the same type of injury (i.e., pecuniary harm from paying for and receiving less powder than reasonably expected); and are amenable to the same prospective remedies (i.e., reducing the packaging size, increasing the amount of powder, or modifying the existing packaging and/or labeling to bring the Products into statutory compliance).

4.      **The Deception of the Challenged Representation.** Defendant markets the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contain an unlawful amount of empty space or "slack-fill." Defendant underfills the Products for no lawful reason. The front of the Products' packaging does not include any information that would reasonably apprise Plaintiff of the quantity of product relative to the size of the container, such as a fill line.

5.      Defendant underfills the Products to save money (by not filling the containers) and to deceive consumers into purchasing the Products over its competitors' products. Defendant's slack-fill scheme not only harms consumers, but it also harms its competitors who have implemented labeling changes designed to alert consumers to the true amount of product in each container.

6.      Accordingly, Defendant has violated the California Consumers Legal Remedies Act, particularly California Civil Code sections 1770(a)(2), 1770(a)(5), 1770(a)(7), and 1770(a)(9). As such, Defendant has committed *per se* violations of Business & Professions Code section 17200, *et seq*. and Business & Professions Code section 17500, *et seq*.

7.      Plaintiff and consumers have, accordingly, suffered injury in fact caused by the false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek injunctive relief, as well as, *inter alia*, compensatory damages, statutory damages, restitution, and attorneys' fees.

//

8.     **Primary Dual Objectives.** Plaintiff brings this action individually and on behalf of those similarly situated to represent a National Class and a California Subclass of consumers who purchased the Products (defined *infra*). Plaintiff's primary objective in this litigation is to secure injunctive relief to stop Defendant's unlawful marketing of the Products as containing a quantity fit for the size of its container to avoid or mitigate the risk of deceiving the public into believing the Products conform to the Challenged Representation, by requiring Defendant to change its unlawful practices. Further, Plaintiff seeks, on Plaintiff's individual behalf and on behalf of the Class, a monetary recovery of the price premium consumers overpaid for the Products that comport with the Challenged Representation, as consistent with permissible law (including, for example, damages, restitution, disgorgement, and any applicable penalties/punitive damages solely to the extent that those causes of action permit).

## CALIFORNIA STATE AND FEDERAL COURTS FIND SLACK-FILL CASES MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT

9.     Several state and federal courts have found that cases involving nearly identical claims are meritorious and appropriate for class treatment. *See, e.g.*, *Winkelbauer v. Orgain Mgmt. et. al*, Case No. 20STCV44583 (L.A.S.C. May 20, 2021) (defendant's demurrer to claims involving slack-filled protein powder products overruled); *Barrett v. Optimum Nutrition*, Case No. 2:21-cv-04398-DMG-SK (C.D. Cal. Jan. 12, 2022) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled protein powder claims denied); *Padilla v. The Whitewave Foods Co., et. al.*, Case No. 2:18-cv-09327-JAK-JC (C.D. Cal. July 26, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Matic v. United States Nutrition, Inc.*, Case No. 2:18-cv-09592-PSG-AFM (C.D. Cal. Mar. 27, 2019) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled supplement container claims denied); *Merry, et al. v. International Coffee & Tea, LLC dba The Coffee Bean*, Case No. CIVDS1920749 (San Bernardino Superior Court Jan. 27, 2020) (defendant's demurrer to slack-filled powder container claims overruled); *Coleman v. Mondelez Int'l Inc.*, Case No. 2:20-cv-08100-FMO-AFM (C.D. Cal. July 26, 2021) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Swedish Fish® candy box claims denied); *Iglesias v. Ferrara Candy Co.*, Case No. 3:17-cv-00849-VC (N.D. Cal. July 25, 2017) (defendant's FRCP

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

5

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

12(b)(6) motion to dismiss slack-filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class certified) (cert. granted Oct. 31, 2018); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C. Feb. 28, 2018) (defendant's motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal. Oct. 4, 2017) (defendant's FRCP 12(b)(6) motions to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal. June 12, 2017) (defendant's FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims denied, and California class action certified over opposition) (cert. granted June 19, 2019); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No. BC649863 (April 29, 2020) (certifying as a class action, over opposition, slack-fill claims brought under California consumer protection laws).

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. Section 1332 of the Class Action Fairness Act of 2005 because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because at least one Plaintiff and Defendant are citizens of different states. The Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

11.     Pursuant to 28 U.S.C. Section 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District: Plaintiff is a citizen of California who resides in this District; Defendant made the challenged false representations to Plaintiff in this District; and Plaintiff purchased the Product in this District. Moreover, Defendant receives substantial compensation from sales in this District, actively advertises and sells the Products in this District, and made numerous misrepresentations through its advertising and labeling of Products, which had a substantial effect in this District.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

12.     Defendant is subject to personal jurisdiction in California based upon sufficient minimum contacts which exist between Defendant and California. Defendant is authorized to do and is doing business in California.

## PARTIES

13.     **Plaintiff.** Plaintiff Taylor Costa is, and at all times relevant hereto was, a citizen of California residing in the county of San Francisco. Plaintiff made a one-time purchase of Defendant's Creamy Vanilla Bean Protein Powder Product from a Whole Foods in San Francisco, California in November 2019. Plaintiff paid approximately $35.00 for the Product. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the container and product label, which was prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff to purchase the Products. Plaintiff understood the size of the container and product label to indicate that the amount of powder contained therein was commensurate with the size of the container, and she would not have purchased the Product, or would not have paid a price premium for the Product, had she known that the size of the container and product label were false and misleading. If the Product's packaging and labels were not misleading, then Plaintiff would purchase the Product in the future.

14.     **Defendant.** Defendant, Reliance Vitamin Co., Inc. is a New Jersey corporation. Defendant maintains its principal place of business at 3775 Park Ave #1, Edison, NJ 08820. Defendant, directly and through its agents, conducts business nationwide. Defendant has substantial contacts with and receives substantial benefits and income from and through the State of California. Defendant is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Products.

15.     In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated

CLASS ACTION COMPLAINT

in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

16.     Defendant, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that its advertising of the Products' packaging was false, deceptive, and misleading. Defendant affirmatively misrepresented the amount of powder contained in the Products' packaging in order to convince the public and consumers of the Products to purchase the Products, resulting in profits of millions of dollars or more to Defendant, all to the damage and detriment of the consuming public.

17.     Defendant has created and still perpetuates a falsehood that Products' packaging contains an amount of powder commensurate with the size of the container, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal packaging and advertising laws.

## FACTUAL BACKGROUND

18.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether to make an in-store purchase;[1] this decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased because consumers expect package size to accurately represent the quantity of the good being purchased.[2]

19.     Accordingly, Defendant chose a certain size container for its Products to convey to consumers that they are receiving a certain and substantial amount of powder product commensurate with the size of the container. Such representations constitute an express warranty regarding the Products' content.

---

[1] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-windown./.

[2] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

20.    Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

**A.    Reasonable Consumers Are Misled by the Challenged Representation**

21.    Defendant falsely represents the quantity of product in each of the Products' opaque containers through its packaging. The size of each container leads the reasonable consumer to believe he or she is purchasing a container full of powder product when, in reality, what he or she actually receives is significantly less than what is represented by the size of the container.

22.    Even if Plaintiff and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of powder product meaningfully different from their expectation of an amount of powder commensurate with the size of the container.

23.    A powder product cannot be gauged by a "unit-based" servings label, such as individual chips contained in an opaque bag. A reasonable consumer would not, and in Plaintiff's case did not, convert Defendant's "1 Scoop (42g)" into a meaningful determination of how much powder is contained in the Products, especially by means of comparison to the reasonable consumer's expectation that the amount of powder is commensurate with the size of the container.

24.    Disclosures of net weight and serving sizes in ounces, pounds, or grams do not allow the reasonable consumer to make any meaningful conclusions about the quantity of powder contained in the Products' containers that would be different from their expectation that the quantity of powder is commensurate with the size of the container.

25.    Prior to the point of sale, the Products' packaging does not allow for a visual or audial confirmation of the contents of the Products. The Products' opaque packaging prevents a consumer from observing the contents before opening. Even if a reasonable consumer were to "shake" the Products before opening the container, the reasonable consumer would not be able to

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

discern the presence of any nonfunctional slack-fill, let alone the significant amount of nonfunctional slack-fill that is present in the Products.

26.     The other information that Defendant provides about the quantity of powder on the front and back labels of the Products does not enable reasonable consumers to form any meaningful understanding about how to gauge the quantity of contents of the Products as compared to the size of the container itself. For instance, the front of the Products' packaging does not have any labels that would provide Plaintiff with any meaningful insight as to the amount of powder to be expected, such as a fill line.

27.     Plaintiff would not have purchased the Product had she known that the Product contained far less powder than was commensurate with the size of its packaging.

**B.     None of the Slack-Fill Statutory Exceptions Apply to the Products**

28.     Pursuant to 21 C.F.R. § 100.100, "a food shall be deemed to be misbranded if its container is so made, formed, or filled as to be misleading." An opaque container "shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill." *Id.* Nonfunctional slack-fill is empty space within packaging that is filled to less than its capacity for reasons other than provided for in the enumerated slack fill exceptions.

**1.     21 C.F.R. 100.10(a)(1) – Protection of the Contents**

29.     The slack-fill in the Products' containers does not protect the contents of the packages. In fact, because the product is a powder, there is no need to protect the product with the slack-fill present.

**2.     21 C.F.R. 100.100(a)(2) – Requirements of the Machines**

30.     The machines used to package the Products would not be affected if there was more powder product added. At most, a simple recalibration of the machines would be required. Upon information and belief, adjusting these machines is rather simple.

31.     Because the packages are filled to less than half of their capacity, Defendant can increase the Products' fill level significantly without affecting how the containers are sealed, or it can disclose the fill-level on the outside labeling to inform consumers of the amount of powder product actually in the container, consistent with the law.

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**3.     21 C.F.R. 100.100(a)(3) – Settling During Shipping and Handling**

32.     The slack-fill present in the Products' containers is not a result of the powder product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of fill. No measurable product settling occurs during subsequent shipping and handling.

33.     Even if *some* product settling may occur, there is no reason why the Products' containers are nearly half empty, when competitor products—such as the SuperiorSource product below—which have similar product density, shape, and composition as Defendant's product, are filled nearly 90% full.

**4.     21 C.F.R. 100.100(a)(4) – Specific Function of Package**

34.     The packages do not perform a specific function that necessitates the slack-fill. This safe harbor would only apply if a specific function were "inherent to the nature of the food and [] clearly communicated to consumers." The packages do not perform a function that is inherent to the nature of the food. Defendant did not communicate a specific function to consumers, making this provision inapplicable.

**5.     21 C.F.R. 100.100(a)(5) – Reusable Container**

35.     The Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the powder product. The Products' plastic containers are intended to be discarded immediately after the powder product is used.

**6.     21 C.F.R. 100.100(a)(6) – Inability to Increase Fill or Decrease Container Size**

36.     The slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

37.     Defendant can easily increase the quantity of powder in each container (or, alternatively, decrease the size of the containers) significantly.

38.     Because none of the statutory exceptions apply to the Products' packaging, the packages contain nonfunctional slack-fill in violation of 21 C.F.R. 100.100 and are, therefore, filled as to be misleading. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits more definitively.

**C.    Comparator Products Serve as Additional Evidence of Nonfunctional Slack-Fill**

39.    **Comparator Products.** Contrast the Products' packaging with a comparator product, such as SuperiorSource Keto Collagen, which is also packaged in an opaque container. The SuperiorSource container measures to a vertical height of approximately 7 inches. The container is filled with product to a height of approximately 6.3 inches. Therefore, this product is approximately 90% filled with a similar powder product. Below is a true and correct image of the comparator product. The red line represents the actual fill line, below which is product, and above which is nonfunctional empty space:



40.    The SuperiorSource packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional.

//

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

41.     The SuperiorSource packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

42.     The SuperiorSource packaging provides additional evidence that Defendant is able to increase the level of fill inside the Products' containers.

43.     The SuperiorSource packaging provides additional evidence that Defendant has reasonable alternative designs available to it in its packaging of the Products.

**D.     Plaintiff and Reasonable Consumers Were Misled by the Challenged Representation into Buying the Products, to Their Detriment, Consistent with Defendant's Slack-fill Scheme to Exact a Premium for Falsely Represented Products**

44.     **Reasonable Consumer's Perception.** The Challenged Representation is a pervasive scheme which leads reasonable consumers, like Plaintiff, into believing that the Products conform to the Challenged Representation–meaning, consumers are led to believe that they are purchasing a quantity of product commensurate with the size of the container they select.

45.     **Competition.** Defendant's conduct threatens California consumers by using deceptive and misleading packaging. Defendant's conduct threatens other companies, large and small, who "play by the rules." Defendant's conduct, therefore, stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

46.     **Reliance.** During the course of its false, misleading, and deceptive advertising scheme, Defendant has sold thousands of units, if not far more, based on Defendant's misrepresentations. Plaintiff and the Class relied on the size of the containers as a proxy for the amount of powder contained therein and, therefore, suffered injury in fact and lost money as a result of Defendant's false representations.

47.     **No Legitimate Business Reason.** There is no practical reason for the false and misleading representation of the Products' packaging, other than to mislead consumers as to the actual quantity of powder contained therein. Through such misrepresentation, consumers purchase

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

1   the Products incorrectly thinking they contain powder commensurate with the size of the

2   container, thus providing Defendant with a financial windfall.

3   **NO ADEQUATE REMEDY AT LAW**

4        48.     Plaintiff and members of the Class are entitled to equitable relief, as no adequate

5   remedy at law exists.

6             a.   **Broader Statutes of Limitations.**  The statutes of limitations for the causes of

7                  action pled herein vary. The limitations period is four years for claims brought

8                  under the UCL, which is one year longer than the statutes of limitations under

9                  the FAL and CLRA. In addition, the statutes of limitations vary for certain

10                 states' laws for breach of warranty and unjust enrichment/restitution, between

11                 approximately 2 and 6 years. Thus, California Subclass members who purchased

12                 the Products more than 3 years prior to the filing of the complaint will be barred

13                 from recovery if equitable relief were not permitted under the UCL.  Similarly,

14                 Nationwide Class members who purchased the Products prior to the furthest

15                 reach-back under the statute of limitations for breach of warranty, will be barred

16                 from recovery if equitable relief were not permitted for restitution/unjust

17                 enrichment.

18             b.   **Broader Scope of Conduct.**  In addition, the scope of actionable misconduct

19                 under the unfair prong of the UCL is broader than the other causes of action

20                 asserted herein.  It includes, for example, Defendant's overall unfair marketing

21                 scheme to promote and brand the Products with the Challenged Representation,

22                 across a multitude of media platforms, including the Products' labels and

23                 packaging, over a long period of time, in order to gain an unfair advantage over

24                 competitor products and to take advantage of consumers' desire for products that

25                 comport with the Challenged Representation. The UCL also creates a cause of

26                 action for violations of law (such as statutory or regulatory requirements and

27                 court orders related to similar representations and omissions made on the type of

28                 products at issue).  Thus, Plaintiff and Class members may be entitled to

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

14

**CLASS ACTION COMPLAINT**

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty.  For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution.  Thus, Plaintiffs and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

c. **Broader Scope of Relief.**  The UCL provides for only restitutionary and injunctive relief, whereas the CLRA also provides for monetary damages. In many cases, liability under the two statutes will involve the same facts and elements. But here, Plaintiff predicates her UCL unlawful claim on a specific statutory provision, 21 C.F.R. 100.100, which prohibits nonfunctional slack-fill. Plaintiff may be able to prove the more straightforward factual elements in 21 C.F.R. 100.100, and thus prevail under the UCL, while still being unable to convince a jury of the more subjective claim that members of the public are likely to be deceived, and therefore fail with respect to her CLRA claim for damages.

d. **Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because reasonable consumers expect the Products' containers to hold an amount of product commensurate with their size, but Defendants fill their opaque containers with far less product than a reasonable consumer would expect.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Injunctive relief is necessary to prevent Defendants from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief, in the form of affirmative disclosures is necessary to dispel the public misperception about the Products that has resulted from years of Defendant's unfair, fraudulent, and unlawful marketing efforts.  Such disclosures would include, but are not limited to, publicly disseminated statements that the Products are not adequately filled and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front labels concerning the Products' true nature. An injunction requiring affirmative disclosures to dispel the public's misperception, and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is *currently* unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

e. **Public Injunction.** Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

f. **California vs. Non-California Class Claims.** Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against Defendant, while the common law causes of action are asserted on behalf of Plaintiffs and the Nationwide Class. Dismissal of farther-reaching remedies,

1    such as restitution, would bar recovery for non-California members of the Class.

2    In other words, legal remedies available or adequate under the California-

3    specific causes of action (such as the UCL, FAL, and CLRA) have no impact on

4    this Court's jurisdiction to award equitable relief under the remaining causes of

5    action asserted on behalf of non-California putative class members.

6       g.  **Procedural Posture—Incomplete Discovery & Pre-Certification.** Lastly, this

7          is an initial pleading in this action and discovery has not yet commenced and/or

8          is at its initial stages. No class has been certified yet. No expert discovery has

9          commenced and/or completed. The completion of fact/non-expert and expert

10         discovery, as well as the certification of this case as a class action, are necessary

11         to finalize and determine the adequacy and availability of all remedies, including

12         legal and equitable, for Plaintiff's individual claims and any certified class.

13         Plaintiff therefore reserves her right to amend this complaint and/or assert

14         additional facts that demonstrate this Court's jurisdiction to order equitable

15         remedies where no adequate legal remedies are available for either Plaintiff

16         and/or any certified class. Such proof, to the extent necessary, will be presented

17         prior to the trial of any equitable claims for relief and/or the entry of an order

18         granting equitable relief.

19                             **CLASS ACTION ALLEGATIONS**

20       49.  **Class Definition.** Plaintiff brings this action as a class action pursuant to Federal

21   Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of herself and all others similarly

22   situated, and as members of the Classes defined as follows:

23

24       All residents of the United States who, within the applicable statute of limitations periods,

25       purchased the Products for purposes other than resale ("**Nationwide Class**"); and

26       All residents of California who, within four years prior to the filing of this Complaint,

27       purchased the Products for purposes other than resale ("**California Subclass**").

28   ("Nationwide Class" and "California Subclass," collectively, "**Class**").

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

50.     **Class Definition Exclusions.** Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; and (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

51.     **Reservation of Rights to Amend the Class Definition.** Plaintiff reserves the right to amend or otherwise alter the class definition presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

52.     **Numerosity.** The Class is comprised of many thousands of persons. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

53.     **Common Questions Predominate.** Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common questions of law and fact include, but are not limited to, the following:

    a.   The true nature and amount of product contained in each Products' packaging;

    b.   Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

    c.   Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes;

    d.   Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

    e.   Whether Defendant's conduct is an unlawful business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

    f.   Whether Defendant's conduct is a fraudulent business act or practice within the meaning of Business and Professions Code section 17200, *et seq.*;

Clarkson Law Firm, P.C.   |   22525 Pacific Coast Highway   |   Malibu, CA 90265

g.  Whether Defendant's conduct is an unfair business act or practice within the meaning of Business and Professions Code section 17200, *et seq*.;

h.  Whether Defendant's advertising is untrue or misleading within the meaning of Business and Professions Code section 17500, *et seq*.;

i.  Whether Defendant made false and misleading representations in its advertising and labeling of the Products;

j.  Whether Defendant knew or should have known that the misrepresentations were false;

k.  Whether Plaintiff and the Class paid more money for the Products than they actually received;

l.  How much more money Plaintiff and the Class paid for the Products than they actually received;

m.  Whether Defendant's conduct alleged herein is fraudulent;

n.  Whether Plaintiff and the Class are entitled to injunctive relief;

o.  Whether Defendant intentionally misrepresented the amount of powder contained in the Products' packaging; and

p.  Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class.

54.  **Typicality.** Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained on packaging and labeling that was seen and relied on by Plaintiff and members of the Class.

55.  **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation. Plaintiff's Counsel prosecuted the largest slack-fill nationwide class action settlement in 2021. Plaintiff's Counsel also was the first law firm to successfully certify a slack-fill lawsuit involving theater box candy confectioners (twice in 2019 and 2020, respectively).

56.  **Superiority and Substantial Benefit.** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members

of the Class is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

    a.   The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

    b.   Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoy its ill-gotten gains;

    c.   Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

    d.   When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

    e.   This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

    57.    **Inconsistent Rulings.** Defendant has acted on grounds generally applicable to the entire Class, thereby making final injunctive relief and/or corresponding declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

    58.    **Injunctive/Equitable Relief.** The prerequisites to maintaining a class action for injunctive or equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) are met, as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to the Class as a whole.

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

59.     **Injury in Fact.** Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false, deceptive, and misleading representations. Plaintiff purchased the Products because of the size of the containers and the product labels, which they believed to be indicative of the amount of powder contained therein as commensurate with the size of the container. Plaintiff relied on Defendant's representations and would not have purchased the Products if they had known that the packaging, labeling, and advertising as described herein was false and misleading.

60.     **Inadequacy Absent a Class Action:** Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

61.     **Manageability.** Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

<u>**COUNT ONE**</u>

**Violation of California Unfair Competition Law**

**California Business & Professions Code § 17200,** *et seq***.**

***(On Behalf of the California Subclass)***

62.     **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

63.     **California Subclass.** Plaintiff brings this cause of action pursuant to Business and Professions Code Section 17200, *et seq*., on his own behalf and a California Subclass who purchased the Products within the applicable statute of limitations.

64.     **FDCA.** Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the

public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. §393.

65.    The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

66.    The legislature of California has incorporated 21 C.F.R. Section 100.100, which prohibits nonfunctional slack-fill, into the State's Business and Professions Code Section 12606.2 *et seq.*

67.    The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.,* 2013 U.S. Dist. LEXIS 25615,2013 WL 685372, at *1 (internal citations omitted).

68.    In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.*, 21 U.S.C. § 343 *et. seq.*

69.    Plaintiff is not suing under the FDCA, but under California state law.

70.    **Sherman Law.** The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal. Health & Safety Code Section 109875 *et seq.*, has adopted wholesale the food labeling requirements of the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code Section 110100.

71.    The Sherman Law declares any food to be misbranded if it is false or misleading in any particular or if the labeling does not conform with the requirements for nutrition labeling set forth in certain provisions of the NLEA. Cal. Health & Safety Code Sections 110660, 110665, 110670.

72.    **The UCL.** California Business & Professions Code, Sections 17200, *et seq.* (the **"UCL"**) prohibits unfair competition and provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising."

73.    **False Advertising Claims.** Defendant in its packaging of the Products makes false and misleading representations regarding the quantity of the Products, particularly representing the

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

CLASS ACTION COMPLAINT

Products as having a greater quantity than they actually contain. Such packaging appears on each of the Products herein, and are sold at retailers in the State of California and across the nation, as well as on Defendant's official website.

74.     **Deliberately False and Misleading.** Defendant does not have any reasonable basis for the Products to contain nonfunctional slack-fill. Defendant knew and knows that the Products contain nonfunctional slack-fill, yet Defendant intentionally packages the Products in opaque containers and fills them with less powder than a reasonable consumer would expect in order to deceive reasonable consumers into believing that Products are filled with powder commensurate with the size of their container.

75.     **False Advertising Claims Cause Purchase of Products.** Defendant's labeling and advertising of the Products led to, and continues to lead to, reasonable consumers, including Plaintiff, to purchase the Products.

76.     **Injury in Fact.** Plaintiff and the California Subclass have suffered injury in fact and have lost money or property as a result of and in reliance upon Defendant's False Advertising Claims—namely Plaintiff and the California Subclass lost the premium they paid for Products that do not contain a quantity of product they would expect given their container.

77.     **No Reasonably Available Alternatives/Legitimate Business Interests.** Defendant failed to avail themselves of reasonably available, lawful alternatives to further their legitimate business interests.

78.     **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern, practice and/or generalized course of conduct, which will continue on a daily basis until Defendant voluntarily alters its conduct or Defendant is otherwise ordered to do so.

79.     **Injunction.** Pursuant to Business and Professions Code Sections 17203 and 17535, Plaintiff and the members of the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of packaging and advertisement of the sale and use of the Products as alleged herein. Likewise, Plaintiff and the members of the

CLASS ACTION COMPLAINT

California Subclass seek an order requiring Defendant to disclose such misrepresentations, and to preclude Defendant's failure to disclose the existence and significance of said misrepresentations.

80.     **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the UCL, Plaintiff and members of the California Subclass were harmed in when they paid a premium for the Products. Further, Plaintiff and members of the California Subclass have suffered and continue to suffer economic losses and other damages including, but not limited to, the premium paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the UCL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

81.     **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for violation of the UCL on behalf of Plaintiff and the California Subclass. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was, at all times, aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**A. "Unfair Prong"**

82.     **Unfair Standard.** Under California's Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

83.     **Injury.** Defendant's actions alleged herein do not confer any benefit to consumers. Defendant's actions alleged herein cause injuries to consumers, who do not receive a quantity of product commensurate with their reasonable expectations.

84.     Consumers cannot avoid any of the injuries caused by Defendant's actions as alleged herein.

85.     Accordingly, the injuries caused by Defendant's conduct alleged herein outweigh any benefits.

86.     **Balancing Test.** Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012).

87.     **No Utility.** Here, Defendant's challenged conduct of has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of harm.

88.     **Legislative Declared Policy.** Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T WirelessServs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

89.     The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in California Business and Professions Code Section 12606.2 and California Health and Safety Code Section 110100.

90.     Defendant's packaging of the Products in oversized containers for the amount of product therein is in direct opposition and thereby tethered to the legislative declared policy

evinced by California Business and Professions Code Section 12606.2 and California Health and Safety Code Section 110100.

91.      **Unfair Conduct.** Defendant's packaging of the Products, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct. Defendant knew or should have known of its unfair conduct. As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

92.      **Reasonably Available Alternatives.** There existed reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of powder product contained within the Products.

93.      **Defendant's Wrongful Conduct.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's unfair conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

94.      **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practices of packaging the Products to conform with the Challenged Representation.

95.      **Causation/Damages.** Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased, or would have paid substantially less for, the Products if they had known that the Products' packaging contained nonfunctional slack-fill.

### B. "Fraudulent" Prong

96.      **Fraud Standard.** The UCL considers conduct fraudulent (and prohibits said conduct) if it is likely to deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

//

97.     **Fraudulent & Material Challenged Representation.** Defendant used the Challenged Representation with the intent to sell the Products to consumers, including Plaintiff and the California Subclass. The Challenged Representation is false and Defendant knows or should know of its falsity. The Challenged Representation is likely to deceive consumers into purchasing the Products because it is material to the average, ordinary, and reasonable consumer.

98.     **Fraudulent Business Practice.** As alleged herein, the misrepresentations by Defendant constitute a fraudulent business practice in violation of California Business & Professions Code Section 17200.

99.     **Reasonable and Detrimental Reliance.** Plaintiff and the California Subclass reasonably and detrimentally relied on the material and false Challenged Representation to their detriment in that they purchased the Products.

100.     **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the conduct described herein. Defendant could have either used packaging appropriate for the amount of powder product contained therein or indicated how much powder the Products contained with a clear and conspicuous fill line.

101.     **Business Practice.** All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct.

102.     **Injunction.** Pursuant to Business and Professions Code Sections 17203, Plaintiff and the California Subclass seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of packaging the Products to conform with the Challenged Representation.

103.     **Causation/Damages.** Plaintiff and the California Subclass have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for the Products.  Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased the Products if they had known that the packaging

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

contained nonfunctional slack-fill. Accordingly, Plaintiff seeks damages, restitution, and/or disgorgement of ill-gotten gains pursuant to the UCL.

### C. Unlawful Prong

104.    **Unlawful Standard.** California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

105.    **Violations of CLRA and FAL.** Defendant's packaging of the Products, as alleged herein, violates California Civil Code Sections 1750, *et seq.* (the "**CLRA**"), California Business and Professions Code Sections 17500, *et seq.* (the "**FAL**"), and 21 C.F.R Section 100.100 as set forth below in the Sections regarding those causes of action.

106.    **Additional Violations.** Defendant's conduct in making the false representations described herein constitutes a knowing failure to adopt policies in accordance with and/or adherence to applicable laws, as set forth herein, all of which are binding upon and burdensome to their competitors. This conduct engenders an unfair competitive advantage for Defendant, thereby constituting an unfair, fraudulent and/or unlawful business practice under California Business & Professions Code Sections 17200-17208. Additionally, Defendant's misrepresentations of material facts, as set forth herein, violate California Civil Code Sections 1572, 1573, 1709, 1710, 1711, and 1770, as well as the common law.

107.    **Unlawful Conduct.** Defendant's packaging and slack-filling, as alleged herein, is false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct. Defendant knows or should know of its unlawful conduct.

108.    **Reasonably Available Alternatives.** Defendant had reasonably available alternatives to further its legitimate business interests, other than the fraudulent conduct described herein. Defendant could have either used packaging appropriate for the amount of powder product contained therein or indicated how much powder the Products contained with a clear and conspicuous fill line.

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

109. **Business Practice.** All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

110. **Causation/Damages** Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff and the Class paid an unwarranted premium for this Product. Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased the Products if they had known that the packaging contained nonfunctional slack-fill. Accordingly, Plaintiff seeks damages, restitution and/or disgorgement of ill-gotten gains pursuant to the UCL. Plaintiff and members of the Class, pursuant to § 17203, are entitled to an order enjoining such future wrongful conduct on the part of Defendant and such other orders and judgments that may be necessary to disgorge Defendant's ill-gotten gains and to restore to any person in interest any money paid for the Products as a result of the wrongful conduct of Defendant.

111. **Prejudgment Interest.** Pursuant to Civil Code § 3287(a), Plaintiff and the Class are further entitled to prejudgment interest as a direct and proximate result of Defendant's unfair, fraudulent, and unlawful business conduct. The amount on which interest is to be calculated is a sum certain and capable of calculation, and Plaintiff and the Class are entitled to interest in an amount according to proof.

112. **Injury in Fact.** Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for this product. Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased, or would have paid substantially less for, the Product if they had known that the packaging contained nonfunctional slack-fill.

//

//

//

//

//

## COUNT TWO

**False and Misleading Advertising in Violation of**

**California Business and Professions Code § 17500, *et seq.***

***(On Behalf of the California Subclass)***

113.     **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

114.     **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

115.     **FAL Standard.** California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should beknown, to be untrue or misleading."

116.     **False & Material Challenged Representations Disseminated to Public.** Defendant violated Section 17500 when it advertised and marketed the Products through the unfair, deceptive, untrue, and misleading Challenged Representation disseminated to the public through the Products' packaging.  These representations are false because the Products do not conform to them. The representations are material because they are likely to mislead a reasonable consumer into purchasing the Products.

117.     **Knowledge.** Defendant knowingly manipulated the physical dimensions of the Products' containers, or stated another way, under-filled the amount of powder product in the Products, as a means to mislead the public about the amount of powder product contained in each package.

118.     Defendant controlled the packaging of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of powder product contained in the Products were untrue and misleading.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C. | 22525 Pacific Coast Highway | Malibu, CA 90265

119.   **Causation/Damages.** As a direct and proximate result of Defendant's misconduct in violation of the FAL, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for violation of the FAL in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

120.   **Punitive Damages.** Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law.  Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they are not, in fact, receiving.  Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff.  Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct.  Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights.  Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

//

//

//

//

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## COUNT THREE

### Violation of California Consumers Legal Remedies Act,

### California Civil Code § 1750, *et seq.*

### *(On Behalf of the California Subclass)*

121.    **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

122.    **California Subclass.** Plaintiff brings this claim individually and on behalf of the California Subclass who purchased the Products within the applicable statute of limitations.

123.    **CLRA Standard.** The CLRA provides in California Civil Code Section 1750 that "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful." (Civ. Code, § 1750.)

124.    **Goods/Services.** The Products are "goods," as defined by the CLRA in California Civil Code Section 1761(a).

125.    **Defendant.** Defendant is a "person," as defined by the CLRA in California Civil Code Section 1761(c).

126.    **Consumers.** Plaintiff and members of the California Subclass are "consumers," as defined by the CLRA in California Civil Code Section1761(d).

127.    **Transactions.** The purchase of the Products by Plaintiff and members of the California Subclass are "transactions" as defined by the CLRA under California Civil Code Section 1761(e).

128.    **Violations of the CLRA** The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continue to violate CLRA:

  a. Section 1770(a)(2), by misrepresenting the approval of the Products as compliant with 21 C.F.R. Section 100.100 and the Sherman Law;

  b. 1770(a)(5), by representing the Products have characteristics and quantities that they do not have;

c.  1770(a)(7), advertising and packaging the Products with intent not to sell them as advertised and packaged; and,

d.  1770(a)(9) by representing that the Products have been supplied in accordance with a previous representation as to the quantity of powder contained within each container, when they have not.

129.  **Malicious.** Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the Class by misrepresenting the Products as having characteristics and quantities which they do not have, e.g., that the Products are free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

130.  Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the Class by packaging and advertising the Products with intent not to sell them as advertised and by intentionally under-filling the Products' containers and replacing powder product with nonfunctional slack-fill. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

131.  Defendant fraudulently, maliciously, and wantonly deceived Plaintiff and the Class by representing that the Products were supplied in accordance with an accurate representation as to the quantity of powder product contained therein when they were not. Defendant presented the physical dimensions of the Products' packaging to Plaintiff and the Class before the point of purchase and gave Plaintiff and the Class a reasonable expectation that the quantity of product contained therein would be commensurate with the size of the packaging. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

132.   **Knowledge.** Defendant knew or should have known, through the exercise of reasonable care, that the Products' packaging was misleading. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

133.   **Causation/Reliance/Materiality.** Defendant's packaging of the Products was a material factor in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendant's packaging of the Products, Plaintiff and the Class reasonably believed that they were getting more product than they actually received. Had they known the truth of the matter, Plaintiff and the Class would not have purchased, or would have paid substantially less for, the Products.

134.   **Section 1782(d)—Prelitigation Demand/Notice.** Pursuant to California Civil Code, Section 1782, more than thirty days prior to the filing of this complaint, on or about June 8, 2020 Plaintiff's counsel, acting on behalf of Plaintiff and all members of the Class, mailed a demand letter, via U.S. certified mail, return receipt requested, addressed to Defendant Archon Vitamin, LLC, at its headquarters and principal place of business (Attn: Phil Vigeant, CEO, 3775 Park Ave. Unit 1, Edison, NJ 08820) and its registered agent for service of process (Capitol Services, Inc. at 1675 S. State St. Suite B, Dover DE 19901).

135.   **Injury in Fact.** Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for powder product they never received. Plaintiff would not have purchased, or would have paid substantially less for, the Products had they known the container contained nonfunctional slack-fill.

136.   **Causation/Damages.**  As a direct and proximate result of Defendant's misconduct in violation of the CLRA, Plaintiff and members of the California Subclass were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

violation of this Act in the form of damages, restitution, disgorgement of ill-gotten gains to compensate Plaintiff and the California Subclass for said monies.

137. **Punitive Damages**. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that were not, in fact, receiving. Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant were, at all times, aware of the probable dangerous consequences of their conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such corporate misconduct. Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant. Accordingly, Plaintiff seeks an award of punitive damages against Defendant.

## COUNT FOUR

### Breach of Warranty

### *(On Behalf of the Nationwide Class & California Subclass)*

138. **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

139. **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

140. **Express Warranty.** Through packaging and selling the Products at issue, Defendant made promises and affirmations of fact on the Products' packaging, and through its marketing and

advertising, as described herein. This packaging constitutes an express warranty and became part of the basis of the bargain between Plaintiff and members of the Class and Defendant. Defendant purports, through the Products' packaging, to create express warranties that the Products, among other things, conform to the Challenged Representation.

141. **Implied Warranty of Merchantability.** By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant—that the Products, among other things, conform to the Challenged Representations.

142. **Breach of Warranty.** Contrary to Defendant's warranties, the Products do not conform to the Challenged Representation and, therefore, Defendant breached its warranties about the Products and their qualities.

143. **Causation/Remedies.** As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

144. **Punitive Damages.** Plaintiff seeks punitive damages pursuant to this cause of action for breach of warranty on behalf of Plaintiff and the Class. Defendant's unfair, fraudulent, and unlawful conduct described herein constitutes malicious, oppressive, and/or fraudulent conduct warranting an award of punitive damages as permitted by law. Defendant's misconduct is

malicious as Defendant acted with the intent to cause Plaintiff and consumers to pay for Products that they were not, in fact, receiving.  Defendant willfully and knowingly disregarded the rights of Plaintiff and consumers as Defendant was aware of the probable dangerous consequences of its conduct and deliberately failed to avoid misleading consumers, including Plaintiff. Defendant's misconduct is oppressive as, at all relevant times, said conduct was so vile, base, and/or contemptible that reasonable people would look down upon it and/or otherwise would despise such misconduct.  Said misconduct subjected Plaintiff and consumers to cruel and unjust hardship in knowing disregard of their rights. Defendant's misconduct is fraudulent as Defendant, at all relevant times, intentionally misrepresented and/or concealed material facts with the intent to deceive Plaintiff and consumers. The wrongful conduct constituting malice, oppression, and/or fraud was committed, authorized, adopted, approved, and/or ratified by officers, directors, and/or managing agents of Defendant.

## **COUNT FIVE**

### **Common Law Fraud**

### *(On Behalf of the Nationwide Class & California Subclass)*

145.   **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

146.   **National Class & California Subclass.** Plaintiff brings this cause of action individually and on behalf of the Nationwide Class and California Subclass against Defendant.

147.   **Fraud.** Defendant has willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are sufficiently filled with an amount of powder product commensurate with the size of the container. However, the Products contain significantly less powder product than advertised and instead contain a substantial amount of nonfunctional and unlawful slack-fill. Defendant has misrepresented the quantity of powder product contained in the Products.

148.   **Materiality.** Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced

CLASS ACTION COMPLAINT

to act thereon in making his or her purchase decision), because they relate to the quantity of powder product contained in the Products.

149.   **Knowledge.** Defendant knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

150.   **Intentional.** Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's intentional manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

151.   **Reliance.** Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

152.   **Causation.** Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

<u>**COUNT SIX**</u>

**Intentional Misrepresentation**

***(On Behalf of the Nationwide Class & California Subclass)***

153.   **Incorporation by Reference.** Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporate the same as if set forth herein at length.

154.   **Nationwide Class & California Subclass.** Plaintiff brings this cause of action individually and on behalf of all members of the Nationwide Class and California Subclass against Defendant.

155.   **Misrepresentation.** Defendant has filled and packaged the Products in a manner indicating that the Products are adequately filled with powder. However, the Products contain significantly less powder product than advertised and instead contain a substantial amount of nonfunctional slack-fill. Defendant misrepresents the quantity of powder product contained within the Products' packaging.

156.   **Materiality.** Defendant's misrepresentations regarding the Products are material to a reasonable consumer, as they relate to the quantity of product received by consumers. A

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

reasonable consumer would attach importance to such representations and would be induced to act thereon in making his or her purchase decision.

157.    **Knowledge.** At all relevant times when such misrepresentations were made, Defendant knew or should have known that the representations were misleading.

158.    **Intentional.** Defendant intended for Plaintiff and the Class to rely on the size and style of the Products' packaging, as evidenced by Defendant's intentional manufacturing, marketing, and selling of packaging that is significantly larger than is necessary to contain the volume of the contents within them.

159.    **Reliance.** Plaintiff and the Class reasonably and justifiably relied on Defendant's intentional misrepresentations when purchasing the Products, and had they known the truth, they would not have purchased the Products or would have purchased them at significantly lower prices.

160.    **Causation.** As a direct and proximate result of Defendant's intentional misrepresentations, Plaintiff and the Class have suffered injury in fact.

## COUNT SEVEN

### Unjust Enrichment/Restitution

### *(On Behalf of the Nationwide Class & California Subclass)*

161.    **Incorporation by Reference.** Plaintiff re-alleges and incorporates by reference all allegations contained in this complaint, as though fully set forth herein.

162.    **Nationwide Class & California Subclass.** Plaintiff brings this claim individually and on behalf of the Nationwide Class and California Subclass (the Class) who purchased the Products within the applicable statute of limitations.

163.    **Plaintiffs/Class Conferred a Benefit.** By purchasing the Products, Plaintiffs and members of the Class conferred a benefit on Defendant in the form of the purchase price of the Products.

164.    **Defendant's Knowledge of Conferred Benefit.** Defendant had knowledge of such benefit and Defendant appreciated the benefit because, were consumers not to purchase the Products, Defendant would not generate revenue from the sales of the Products.

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

165.    **Defendant's Unjust Receipt Through Deception.** Defendant's knowing acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent, misleading, and deceptive representations and omissions.

166.    **Causation/Damages.**  As a direct and proximate result of Defendant's unjust enrichment, Plaintiffs and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, pray for judgment and relief on all causes of action as follows:

> A.    An order enjoining Defendant from continuing to package and/or label the Products as challenged herein;
>
> B.    Damages against Defendant in an amount to be determined at trial, together with pre- and post- judgement interest at the maximum rate allowable by law on any amounts awarded;
>
> C.    Restitution and/or disgorgement in an amount to be determined at trial;
>
> D.    Reasonable attorneys' fees and costs; and
>
> E.    Granting such other and further as may be just and proper.

//
//
//
//
//

CLASS ACTION COMPLAINT

Clarkson Law Firm, P.C.  |  22525 Pacific Coast Highway  |  Malibu, CA 90265

**<u>JURY TRIAL DEMANDED</u>**

Plaintiff demands a jury trial on all triable issues.


DATED: August 15, 2022                          **CLARKSON LAW FIRM, P.C.**

                                                 */s/ Zachary T. Chrzan*
                                                 Ryan J. Clarkson, Esq.
                                                 Zachary T. Chrzan, Esq.

                                                 Attorneys for Plaintiff

CLASS ACTION COMPLAINT